## Taormina v. Potter Township

*David G. Joyce,* for plaintiffs.

*Nick Francalancia,* for defendant Potter Township.

STEEGE, *J.,* December 1, 1986 — Defendant, Potter Township, has filed a motion seeking summary judgment. The township asserts that it is immune from liability as against plaintiffs' claim by virtue of the provisions of the Political Subdivision Tort Claims Act, act of November 26, 1978, as amended, 42 Pa.C.S. §8541, et seq. We do not agree that the act confers immunity upon the township and we shall deny the motion.

On May 23, 1973, the Supreme Court of Pennsylvania overturned and prospectively abolished the doctrine of sovereign immunity. *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). The act was intended to restore immunity from liability to Pennsylvania's municipalities (with defined exceptions not applicable here); it was passed on November 26, 1978, and became effective on January 25, 1979. All parties to this proceeding agree that the alleged negligence of

the township which gave rise to plaintiffs' claim occurred some time in 1977 or early 1978, but in any event after *Ayala* and prior to enactment of the act. Plaintiffs filed their suit on March 3, 1980.

The township contends that the act confers immunity upon it since the suit was filed after enactment of the act. It points to two trial court decisions in support of its position. *Munley v. Springbrook Township*, 28 D.&C.3d 254 (1982) presented a factual situation almost identical to that in the case at bar. Plaintiffs, acting in reliance upon a favorable report after testing by the township's sewer enforcement officer, purchased a lot on which they intended to construct a home. On May 1, 1979, their previous permit having expired, plaintiffs applied for a second permit for construction of their sewage disposal system. A new sewer enforcement officer determined that the lot was unsuitable for normal on-lot sewage disposal (and was likewise not suitable when the original test had been done) and denied the permit. While the "negligent" test had been performed after *Ayala* and prior to enactment of the act, plaintiffs did not file their suit until January 1981. The court held that the township was immune under the act. The issue of the applicability of the immunity conferred by the act does not appear to have been raised; the opinion of the court does not address it. For that reason, we do not believe that the holding in *Munley* is controlling in the case at bar.

*Hench v. Carpenter,* 35 D.&C.3d 401 (1985) also involved the negligent issuance of a sewage permit by a township officer. The township had issued a permit and the system was installed in 1977, during the hiatus between *Ayala* and the enactment of the act, and the system malfunctioned from the time of its installation. Plaintiffs filed suit on August 1,

1983. The township moved for summary judgment on the ground that either the claim was barred by the statute of limitations or the township was immune under the terms of the act. The court discussed the issue of "when the cause of action arose" at some length, since plaintiffs claimed that they had not discovered the malfunction until some time after installation and in any event had been assured by the township and their contractor that the condition would be corrected. The court concluded that plaintiffs would be barred either by the statute of limitations, if the cause of action arose at the time of installation in 1977, or by the provisions of the act, if the cause of action arose at the time of plaintiffs' discovery of the defective condition. If, as plaintiffs had to contend, the "cause of action arose" after their discovery of the defective condition, that was after the date of the enactment of the act and the township was immune. It is true that the *Hench* court said that "[i]t can be inferred from the [*Munley*] opinion that the date at which the immunity defense becomes applicable is the date when the suit is brought." That was dictum. The *Hench* case held that plaintiffs' claim was barred either by the statute of limitations or by the act, depending upon when the "cause of action arose." It did not hold that the governing date is the date on which suit is filed.

We hold that because the negligent act or acts complained of in the case at bar occurred after *Ayala* and before enactment of the act, the township is not immune from plaintiffs' claim. We therefore enter the attached order.

## ORDER

And now, this December 1, 1986, the motion for summary judgment filed on behalf of Potter Township is denied.